#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01230-RPM-MJW

YOLANDA WILSON,

    Plaintiff,

v.

PALISADES COLLECTION, LLC, a Delaware limited liability company,

    Defendant.

___

### SCHEDULING ORDER
___

### 1.  DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

The Rule 16(b) conference was held on June 8, 2012.

David M. Larson, Esq. represents the Plaintiff.
88 Inverness Circle East, Suite I-101
Englewood, CO 80112
(303) 799-6895

Michael S. Poncin, Esq., represents the Defendant.
James R. Bedell, Esq., represents the Defendant.
Moss & Barnett, PA
90 S. 7th Street, 48th Floor
Minneapolis, MN 55402
(612) 877-5000

### 2. STATEMENT OF JURISDICTION

Jurisdiction is based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1692k for the Plaintiff's single count FDCPA claim.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff(s): Plaintiff claims that the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"): 1692e preface, e(2)(A), e(8), e(10) and 1692f preface while attempting to collect two (2) Alltel Communications accounts from the Plaintiff via the Defendant reporting the Alltel Communications accounts to Experian, a credit reporting agency, in April 2012 and May 2012 without reporting to Experian in April 2012 and May 2012 that the Alltel Communications accounts were disputed after the Plaintiff called the Defendant on March 28, 2012 and informed the Defendant that the Alltel Communications accounts were disputed and that the Plaintiff was disputing the accounts.

Credit reporting constitutes an attempt to collect a debt. See, e.g., <u>Rivera v. Bank One</u>, 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); <u>Matter of Sommersdorf</u>, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991);<u>Ditty v. CheckRite, Ltd.</u>, 973 F.Supp. 1320, 1331 (D.Utah 1997).

"The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." <u>Smith v. National Credit Systems, Inc.</u>, 807 F.Supp.2d 836, 840 (D.Az. 2011).

"Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." <u>Doshay v.

<u>Global Credit and Collection Corporation</u>, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

b.      Defendant(s):  The Defendant denies Plaintiff's claims that it violated the Fair Debt Collection Practices Act. The Defendant also denies Plaintiff's claims that it caused any injury or damage to the Plaintiff. The Defendant asserted various defenses in its Answer and Defenses to the Complaint, which it incorporates by reference.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1.      This Court has Jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.      Venue is proper in the District of Colorado.

3.      The Plaintiff is a natural person.

4.      The Defendant is a licensed as a collection agency by the state of Colorado.

5.      The Plaintiff allegedly incurred balances on two accounts owed to Alltel Communications.

6.      The accounts went into default with Alltel Communications.

7.      After the accounts went into default with Alltel Communications the Defendant alleges that it acquired the accounts.

8.      On or before March 2012, and in April 2012 and May 2012, the Defendant communicated information regarding the Alltel Communications accounts

to Experian, a credit reporting agency.

9. The information conveyed to Experian by the Defendant on the Alltel Communications accounts conveyed information regarding the Alltel Communications accounts directly or indirectly to Experian.

## 5. COMPUTATION OF DAMAGES

Plaintiff: The Plaintiff seeks statutory damages against the Defendant in an amount to be determined by the jury pursuant to the FDCPA. The Plaintiff seeks actual damages in an amount to be determined by the jury pursuant to the FDCPA. While not considered damages the Plaintiff also seeks to recover her reasonable attorney's fees and for the costs of bringing this action pursuant to the FDCPA, to be determined at the conclusion of this case.

Defendant: Defendant is not seeking any damages, but reserves the right to seek its costs and attorneys' fees, as applicable.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of rule 26(f) meeting: July 17, 2012.

b. Names of each participant and party he/she represented.

   David M. Larson, Esq. represented the Plaintiff.

   Michael S. Poncin, Esq. represented the Defendant.

c. Statement as to when rule 26(a)(1) disclosures were made or will be made.

   The mandatory disclosures pursuant to Rule 26(a)(1) will be made by the

<u>Plaintiff on July 27, 2012.</u>

<u>The mandatory disclosures pursuant to Rule 26(a)(1) were made by the</u>

<u>Defendant on July 30, 2012.</u>

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):

*See* Section 6c above.

e. Statement concerning any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement. If there is agreement to conduct joint interviews with potential witnesses, list the names of such witnesses and a date and time for the interview which has been agreed to by the witness, all counsel, and all *pro se* parties.

<u>No such agreements have been made.</u>

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

<u>The parties agree to use a unified exhibit numbering system.</u>

g. The parties do not anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

<u>The parties have discussed resolving the case.</u>

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a U.S. Magistrate Judge.

## 8. DISCOVERY LIMITATIONS

    a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

<u>5 depositions per side including experts, 25 interrogatories per side.</u>

    b.    Limitations which any party proposes on the length of depositions.

<u>Up to 4 hours per deposition.</u>

    c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.

<u>25 Requests for Production per side, 25 Requests for Admissions per side.</u>

    d.    Other Planning or Discovery Orders.

<u>None.</u>

## 9. CASE PLAN AND SCHEDULE

    a.    Deadline for Joinder of Parties and Amendment of Pleadings:

September 14, 2012

    b.    Discovery Cut-off:

November 30, 2012

    c.    Dispositive Motion Deadline:

December 21, 2012

    d.    Expert Witness Disclosure

        (1)    State anticipated fields of expert testimony, if any.

Plaintiff: None

Defendant: None

        (2)    State any limitations proposed on the use or number of expert witnesses.

<u>Two Experts per side, including any rebuttal experts.</u>

(3) The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

October 1, 2012

(4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

October 29, 2012

(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e. Identification of Persons to be deposed on or before the Discovery Cut-Off Date:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Plaintiff | To be determined | To be determined | Up to 4 hours. |
| Plaintiff's Witnesses, if any. | To be determined | To be determined | Up to 4 hours. |
| Unknown employees, collectors and collection supervisors at the Defendant | To be determined | To be determined | Up to 4 hours. |

| Corporate Representative(s) of the Defendant pursuant to Fed.R.Civ.P. 30(b)(6) | To be determined | To be determined | Up to 4 hours per designee. |

    f.    Deadline for Service of Interrogatories:

        October 29, 2012

    g.    Deadline for Service of Requests for Production of Documents and/or Admissions:

        October 29, 2012

### 10.  DATES FOR FURTHER CONFERENCES

a.  A Settlement Conference will be held on _____ at _____ o'clock \_\_.m.

   ( )   *Pro se* parties and attorneys only need be present.

   ( )   *Pro se* parties, attorneys, and client representatives with full authority to settle must be present.

   ( )   Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

b.  Status conferences will be held in this case at the following dates and times:

   _____
   _____

c.  A final pretrial conference will be held in this case on

_____at \_\_\_\_\_ o'clock \_\_.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11.  OTHER SCHEDULING MATTERS

      a.      Identify those discovery or scheduling issues, if any, on which counsel, after a good-faith effort, were unable to reach an agreement.

          <u>None.</u>

      b.      Anticipated length of trial and whether trial is to the court or jury.

          <u>One to two day trial to jury.</u>

      c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado.

          <u>None.</u>

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the U.S. Magistrate Judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the U.S. Magistrate Judge assigned to this case.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this _____ day of July, 2012.

BY THE COURT:

_____
Michael J. Watanabe
United States Magistrate Judge

APPROVED:

s/ David M. Larson						s/ Michael S. Poncin

_____	_____
David M. Larson, Esq.					Michael S. Poncin, Esq.
88 Inverness Circle East, Suite I-101	Moss & Barnett, PA
Englewood, Colorado 80112				90 S. 7th Street, 48th Floor
Telephone: (303) 799-6895				Minneapolis, MN 55402
Attorney for the Plaintiff				Telephone: (612) 877-5000
										Attorney(s) for the Defendant